**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUTGERS CASUALTY INSURANCE COMPANY, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 11-cv-462 |
| v. | ) | Judge Edmond E. Chang |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, et al., | ) | Magistrate Judge Morton Denlow |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT**

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers and David D. Tripple (collectively, the "Independent Trustees") and Calamos Convertible and High Income Fund (together with the Independent Trustees, the "Fund Defendants"), by their attorneys, and Defendants Calamos Advisors LLC and Calamos Asset Management, Inc. (the "Calamos Corporate Defendants") and John P. Calamos, Sr., and Nick P. Calamos (together with the Calamos Corporate Defendants, the "Calamos Defendants"), by their attorneys, respectfully move the Court to dismiss the Complaint of Plaintiff Rutgers Casualty Insurance Company on the ground that it is precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p(b) and § 78bb(f)(1), and therefore must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

Alternatively, with respect to any claims that the Court may find are not precluded by SLUSA: (i) the Fund Defendants and the Calamos Defendants move to dismiss any claims

derivative in nature pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand; (ii) the Independent Trustees, John P. Calamos, Sr. and Nick P. Calamos (collectively, the "Individual Defendants") move to dismiss Count I of the Complaint pursuant to Rule 12(b)(6) on the ground that, as a matter of law, the Individual Defendants do not owe the duties alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach thereof; (iii) Nick P. Calamos moves to dismiss Count I of the Complaint because the Complaint states on its face that he was no longer a Trustee at the time of the redemptions of which Plaintiff complains; and (iv) Calamos Convertible and High Income Fund (the "Fund") and the Calamos Corporate Defendants move to dismiss Counts II and III of the Complaint pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted against them.

In support of their Joint Motion, the Defendants state as follows:

1. On August 13, 2010, the Plaintiff in this action, Rutgers Casualty Insurance Company, filed an action in this Court, which was assigned Case No. 10-cv-05106. The Complaint in that action named as defendants each of the Defendants in the instant case, contained allegations similar to the Complaint in the instant action, and pleaded the same claims as the Complaint in the instant action. Case No. 10-cv-05106 was dismissed voluntarily by Plaintiff on October 6, 2010.

2. Plaintiff re-filed his action in the Circuit Court of Cook County, Illinois, on December 22, 2010. On January 21, 2010, Defendants timely removed that action to this Court pursuant to Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p(b), (c) and 78bb(f)(1), (2) ("SLUSA").

3. The Complaint in this action is pleaded in three counts. Count I of the Complaint purports to assert a claim against the Individual Defendants, each of whom is or was a Trustee of the Fund, for alleged breach of fiduciary duty. Count II of the Complaint purports to assert a claim against the Fund and the Calamos Corporate Defendants for aiding and abetting the asserted breach of fiduciary duty alleged in Count I. Finally, Count III of the Complaint purports to assert a claim against the Fund and the Calamos Corporate Defendants for unjust enrichment.

4. The Complaint fails to state a claim upon which relief can be granted against any of the Defendants, and should be dismissed as to each Defendant, in that the claims asserted in the Complaint are precluded by SLUSA. SLUSA precludes actions meeting the following four conditions: (1) the underlying suit is a "covered class action"; (2) the action is based upon state statutory or common law; (3) the action concerns a "covered security"; and (4) the case alleges "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," or that the defendant "used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1); 15 U.S.C. § 77p(b). Each of the requirements for preclusion under SLUSA is met in this case.

5. In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA and which are derivative in nature, such claims fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) and Rule 23.1 of the Federal Rules of Civil Procedure for failure to allege demand on the Board of Trustees of the Fund, or to state with particularity the reasons Plaintiff should be excused from making demand.

6. In the alternative, with respect to any claims that the Court may find are not precluded by SLUSA:

(a) Count I of the Complaint fails to state a claim upon which relief can be granted against the Individual Defendants and should be dismissed pursuant to Rule 12(b)(6) in that, as a matter of law, the Individual Defendants do not owe the duties alleged in Count I or, if they do owe such duties, the facts alleged fail to state a claim for breach;

(b) Count I of the Complaint fails to state a claim against Nick P. Calamos because Mr. Calamos had resigned as a Trustee before the redemptions of which Plaintiff complains;

(c) Count II of the Complaint fails to state a claim upon which relief can be granted against the Fund and/or the Calamos Corporate Defendants and should be dismissed pursuant to Rule 12(b)(6) in that (i) the Complaint fails to plead a claim for breach of fiduciary duty by the Individual Defendants, upon which the claim asserted in Count II is predicated, and (ii) the Complaint fails to adequately allege that the Fund and/or the Calamos Corporate Defendants aided and abetted a breach of fiduciary duty; and

(d) Count III of the Complaint fails to state a claim upon which relief can be granted against the Fund and/or the Calamos Corporate Defendants and should be dismissed pursuant to Rule 12(b)(6) in that the Complaint fails to allege facts necessary to plead a cause of action for unjust enrichment.

7. In further support of their Motion, the Defendants respectfully refer the Court to the following memoranda submitted herewith:

(a) Defendants' proposed Joint Memorandum in Support of the Fund Defendants' and the Calamos Defendants' Motion to Dismiss the Complaint, addressing

grounds for dismissal pursuant to SLUSA, which is oversize and is the subject of a motion for leave to file *instanter*;

(b) The Fund Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to SLUSA, for the dismissal of all claims in the Complaint against the Fund Defendants; and

(c) The Calamos Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss the Complaint, which addresses the grounds, in the alternative to SLUSA, for the dismissal of all claims in the Complaint as to those Defendants.

WHEREFORE, for the reasons stated herein and in the aforementioned proposed Joint Memorandum and Supplemental Memoranda, Defendants respectfully request that the Court dismiss the Complaint of Plaintiff Rutgers Casualty Insurance Company with prejudice, and that the Court grant Defendants their costs of suit and such other relief as the Court deems just and proper.

Dated: January 28, 2011

Defendants Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David D. Tripple and Calamos Convertible and High Income Fund

By: /s/ John W. Rotunno
*One of their attorneys*

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000

Defendants John P. Calamos, Sr., Nick P. Calamos, Calamos Advisors, LLC, and Calamos Asset Management, Inc.

By: /s/ Christian J. Mixter
*One of their attorneys*

Christian J. Mixter (*pro hac vice*)
Patrick D. Conner (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

Kevin B. Dreher
Michael F. Derksen
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that he caused the foregoing *Defendants' Joint Motion to Dismiss the Complaint* to be served automatically via CM/ECF upon the following counsel of record:

Marc I Gross
Murielle J. Steven
Jeremy A. Lieberman
Pomerantz, Haudek, Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: 212-661-1100
Facsimile: 212-661-8665
migross@pomlaw.com
mjsteven@pomlaw.com
jalieberman@pomlaw.com

Patrick V. Dahlstrom
Pomerantz, Haudek, Grossman & Gross LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
pvdahlstrom@pomlaw.com

/s/ John W. Rotunno
John W. Rotunno