UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUTGERS CASUALTY INSURANCE COMPANY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, NICK P. CALAMOS, former Trustee of the Calamos Convertible and High Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible and High Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible and High Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible and High Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible and HighIncome Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible and High Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible and High Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, CALAMOS CONVERTIBLE AND HIGH INCOME FUND, and JOHN AND JANE DOES 1-100,<br><br>Defendants. | Case No. 1:11-cv-00462<br><br>U.S. District Judge Edmond E. Chang |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

## I. INTRODUCTION

This action is brought on behalf of Plaintiff Rutgers Casualty Insurance Company ("Plaintiff"), and all others who were beneficial owners of common shares of the Calamos Convertible and High Income Fund (the "Fund") at any time from March 19, 2008 to the present.[1] In addition to the issuance of common stock, the Fund also issued auction rate preferred securities ("ARPS"), which were a valuable and highly liquid source of financing for the Fund that greatly benefited the common shareholders.

The Complaint alleges that, despite the significant advantages provided by the ARPS as a source of financing for the Fund, the Defendants caused the Fund to partially redeem approximately 81% of the outstanding ARPS during the liquidity crisis of 2008, and replaced them with other, less favorable financing.[2]

The Complaint alleges three causes of action against the Defendants – breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. Specifically, the Complaint alleges that Defendants breached their fiduciary duties to the common shareholders because they caused the redemption of the ARPS to further their own economic self-interests, and those of the Fund's investment adviser and its affiliates, as well as to benefit the ARPS shareholders, to the detriment of the common shareholders, thereby favoring one class of shareholders over another in breach of their fiduciary duties.

Defendants' purported basis for removal is the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p and 78bb ("SLUSA"), which, as discussed further herein,

---

[1] Plaintiff acquired its shares of the Fund in 2003. Cpt. ¶ 6.

[2] Plaintiff filed this action in Cook County Circuit Court on December 22, 2010. Defendants removed this action on January 21, 2011 pursuant to SLUSA, 15 U.S.C. §§ 77p and 78bb. A copy of Plaintiff's Complaint is attached hereto as Exhibit A.

precludes certain class actions that allege "an untrue statement or omission of a material fact in connection with the sale or purchase of a covered security." Here, however, the Complaint alleges classic common law claims of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment, which belong in state court.

The Complaint neither alleges fraud nor does it sound in fraud. Indeed, the Complaint never makes any allegation of "fraud," "misrepresentation" or "omission," or anything similar. Defendants' attempt to remove this case to federal court on purported SLUSA grounds is therefore inappropriate. Indeed, Defendants' arguments are based on a complete distortion and mischaracterization of Plaintiff's claims, and improperly attempt to supplant the state court's jurisdiction over this case. Accordingly, Plaintiff respectfully requests that the action be remanded.

## ARGUMENT

### A. SLUSA Does Not Apply To This Action Because The Complaint Does Not Allege Any "Untrue Statements or Omissions of Material Fact."

SLUSA requires that the following four conditions be met before an action is removed to federal court: (i) the suit is a "covered class action;" (ii) based upon state law or common law; iii) the action involves a "covered security" and; (iv) the action alleges "an untrue statement or omission of a material fact in connection with the sale or purchase of a covered security." 15 U.S.C. § 77p(b), 78bb(f).

As demonstrated below, the fourth requirement - that the action alleges "untrue statements or omissions" - clearly is not present. Therefore, SLUSA does not apply and this action must be remanded to state court.

As an initial matter, the Complaint affirmatively alleges that it does not contain any allegations based on misstatements or omissions:

> Plaintiff does not assert any claim arising from a misstatement or omission in connection with the purchase or sale of a security, nor does Plaintiff allege that Defendants engaged in fraud in connection with the purchase or sale of a security.

Cpt. ¶ 5.

Defendants neglect to mention this determinative paragraph of the Complaint. Instead, to support their contention that SLUSA applies here, Defendants recite various allegations contained in the Complaint, and assert, in conclusory fashion, that they are allegations of "misrepresentations or omissions of material fact" in connection with the purchase or sale of covered securities. (Defs' Notice of Removal at 4-5). As detailed below, even a cursory review of the cited passages reveals the frivolous nature of Defendants' arguments, as they plainly do not allege any misrepresentations or falsities by the Defendants:

1. Complaint ¶ 11, which alleges that "Fund's stated primary investment objective is to provide total return through 'a combination of capital appreciation and current income.'"

This allegation is simply a statement of fact as to the Fund's primary investment objective as set forth in its SEC reports. Nowhere in the Complaint does Plaintiff allege that this is untrue.

2. Complaint ¶¶ 2, 13-14, which allege that materials filed by the Fund with the SEC described financial leverage as "a key aspect of the Fund's performance;" that the "Ability to Put Leverage to Work" was "advertis[ed] as a 'Potential Advantage of Closed-End Fund Investing;'" that the "effect of this leverage was reflected in the Fund's regular cash distributions to common shareholders and described in the Fund's regular reports to its shareholders;" that to achieve financial leverage "the Fund issued auction rate preferred shares ("ARPS"), "which provided "advantageous and very favorable financing'" for the Fund; and that "the holders of its common

3

stock could realize, as one of the significant benefits of this investment, leverage that would continue indefinitely, since the ARPS were perpetual."

All of these allegations pertain simply to statements of information made publicly by the Fund concerning its financial leverage and its use of ARPS, and additional information regarding the benefits of the ARPS as a source of financing. The Complaint does not allege that any of these statements are untrue. To the contrary, it alleges that these statements were true when they were made.

3. Complaint ¶ 19-20, 25, 26, which allege that the Defendants caused the Fund to redeem some of the ARPS during the financial crisis in order to provide liquidity to the ARPS holders and to further their own economic self-interests.

These allegations pertain to the freeze-up in the auction rate securities market in 2008, and Defendants' actions taken in response to the liquidity crisis and ensuing demands by ARPS that the Fund redeem their shares. These allegations, too, are factual assertions regarding the actions undertaken by the Defendants in breach of their fiduciary duties to the Fund and its common shareholders, in order to further their own self-interest. These assertions do not implicate any alleged misrepresentations or false statements by the Defendants.

4. Complaint ¶¶ 3, 25, 27, 29, 30 and 35, which allege that in order to fund the ARPS' redemption, the Defendants replaced the ARPS with financing that was "less favorable and "less advantageous" for the common shareholders than the ARPS, and that "the redemptions by the Fund of the ARPS damaged the Fund's common stockholders by denying them the financial benefits associated with the ARPS."

These are simply additional factual allegations concerning the damage common shareholders suffered as a result of Defendants' breach of fiduciary duty (*i.e.*, financing for the

Fund that was significantly less advantageous). These paragraphs do not allege any misstatement or omission.

Moreover, nothing in the Complaint in any way ties any misstatement, omission or manipulation to the purchase or sale of a security. Plaintiff has owned shares of the Fund since 2003, and the definition of the putative Class is based on the beneficial ownership of common shares on or after March 19, 2008, without regard to the date on which the shares were acquired. This is a case concerning the breach by trustees of their duties to common shareholders; it does not involve claims that those shareholders were misled when they acquired their shares.

### B. Plaintiff's Claims are Excluded from Federal Jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

Defendants note that Plaintiff's complaint does not fall under any exceptions to SLUSA because it is not "exclusively derivative" in nature. (Defs' Notice of Removal at 6).

However, claims such as those asserted here are specifically excluded from the federal diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), Pub.L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), by 28 U.S.C. § 1332 (d)(9), which excludes from CAFA's grant of federal jurisdiction state law claims concerning corporate governance or claims relating to fiduciary duties related to or created by a security. Accordingly, this matter must be remanded. *See* 15 U.S.C. § 78bb(f)(3)(D).

## II. CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that the Court remand this action to state court.

Dated:  February 22, 2011               **POMERANTZ HAUDEK**
                                                                                     **GROSSMAN & GROSS, LLP**

/s/ Patrick V. Dahlstrom
Patrick V. Dahlstrom
One North LaSalle Street, Suite 2225
Chicago, Illinois 60602
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
pdahlstrom@pomlaw.com

Marc I. Gross
Murielle J. Steven
Jeremy A. Lieberman
**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS, LLP**
100 Park Avenue, 26th Floor
New York, New York  10017-5516
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
migross@pomlaw.com
mjsteven@pomlaw.com
jalieberman@pomlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I, Patrick V. Dahlstrom, hereby certify that on February 22, 2011, I caused to be filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record in this matter who are registered with the Court's ECF filing system.

                /s/ Patrick V. Dahlstrom