## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RUTGERS CASUALTY INSURANCE COMPANY, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, NICK P. CALAMOS, former Trustee of the Calamos Convertible and High Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible and High Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible and High Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible and High Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible and HighIncome Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible and High Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible and High Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, CALAMOS CONVERTIBLE AND HIGH INCOME FUND, and JOHN AND JANE DOES 1-100,<br><br>          Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action No. 11 C 00462 (EEC)<br><br>Honorable Edmond E. Chang |

## PLAINTIFF'S REPLY MEMORANDUM IN
## <u>FURTHER SUPPORT OF MOTION FOR REMAND</u>

## INTRODUCTION

The Securities Litigation Uniform Standards Act ("SLUSA") only applies in limited circumstances, and does not preempt state law causes of action that are not based on misrepresentations or omissions.  The Complaint alleges three causes of action against the Defendants – breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment.[1]  None of these causes of action as alleged in the Complaint plead or are dependent upon a misrepresentation or omission, but, instead, arise out of Defendants' redemption of Auction Rate Preferred Stock ("ARPS") to further their own economic self-interests and to benefit the ARPS shareholders to the detriment of the common stock shareholders.  Defendants' Memorandum of Law in Opposition to Remand relies on generic arguments and cases involving facts that are not present here.  Indeed, given the facts as alleged in the Complaint, this action should never have been removed from state court, which makes remand all the more appropriate.

## ARGUMENT

## THE COMPLAINT SHOULD BE REMANDED TO STATE COURT

Courts in this jurisdiction have made it very clear that the removal statute is not a weapon used lightly, and that the presumption is in favor of remand.  *See Disher v. Citigroup Global Mkts., Inc*., 487 F. Supp. 2d 1009, 1014-1015 (S.D. Ill. 2007); *Fuller v. BNSF Ry. Co*., 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal*, Inc., 985 F.2d 908, 911 (7th Cir. 1993))("'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand."); *Ford v. Keck*, No. 06-cv-667-DRH, 2007 U.S. Dist. LEXIS 24064, 2007 WL

---

[1]    The Complaint was filed in Cook County Circuit Court on December 22, 2010, and is cited herein as "Cplt. ¶ __."

1022003, at *1 (S.D. Ill. Apr. 2, 2007)("All doubts about the propriety of removal are to be resolved in favor of remand.); *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006) ("Doubts concerning removal must be resolved in favor of remand to the state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 U.S. Dist. LEXIS 4631, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

Here, the attempt to remove the well pleaded Complaint rests on a mischaracterization of Plaintiff's allegations by Defendants, which do not establish a basis to rebut the presumption in favor of remand. Accordingly, this action should be remanded to state court.

## I.     The Complaint Does Not Allege Any Misrepresentation or Omission of Material Fact.

As noted in Plaintiff's opening Memorandum of Law, SLUSA can only preempt claims alleging misrepresentations or omissions of material fact. 15 U.S.C. § 77p(b), 78bb(f). [2] Here, the Complaint alleges state law causes of action that are not based on any misstatements or material omissions, and thus fall squarely outside SLUSA's reach. Contrary to Defendants' assertions, this is not a case where "investors or prospective investors in Fund common shares were misled as to the benefits of an investment in the shares." Def. Mem. at 9. Indeed, as alleged in the Complaint, Defendants breached their fiduciary duties by unnecessarily causing the redemption of the ARPS, which harmed shareholders while enriching the Defendants.

---

[2]     SLUSA preemption applies only when (i) the suit is a "covered class action;" (ii) based upon state law or common law; iii) the action involves a "covered security" and; (iv) the action alleges "an untrue statement or omission of a material fact in connection with the sale or purchase of a covered security." 15 U.S.C. § 77p(b), 78bb(f). In arguing the inapplicability of the fourth SLUSA prong, Plaintiff has in no way conceded the applicability of prongs one through three. In any event, all four SLUSA requirements must be met to trigger preemption. As the facts of this case clearly do not fall within the ambit of SLUSA's fourth prong, there is no preemption.

Defendants' public statements, none of which are alleged in the Complaint to be false, are irrelevant to the viability of the claims alleged in the Complaint.

Defendants' reliance on *Kircher v. Putnam Funds Trust*, 398 Ill. App. 3d 664, 922 N.E.2d 1164, 337 Ill. Dec. 587 (5th Dist. 2010), is misplaced. *Kircher* involved short term trading and market timing practices that harmed shareholders. The court found that SLUSA applied because "the plaintiffs' allegations are based, at least implicitly, on the defendants' *failure to disclose* . . . their method of calculating . . . [net asset value] . . . and the fact that this method has a potential to reward market-timing investors at the expense of long-term investors." *Id*. at 673-74, 922 N.E.2d at 1171-72, 337 Ill. Dec. at 594-95 (emphasis added).

By Defendants' own admission, if the defendants in *Kircher* "had disclosed the risks and potential impact of market timing, there could be no claim for negligence or breach of duty." *Id*. The case at bar is markedly distinct because the claims here do not involve any alleged omissions. Plaintiffs are not alleging that Defendants' decision to redeem 81% of the ARPS was a breach of fiduciary duty because of anything that Defendants did or did not say. Plaintiff simply asserts that Defendants breached their fiduciary duties because they were under no obligation to redeem the ARPS, but did so anyway to the detriment of their shareholders. *See Appert v. Morgan Stanley Dean Witter, Inc.*, 2010 U.S. Dist. LEXIS 130875 (N.D. Ill. Dec. 9, 2010) ("[T]he ensuing lawsuit [does] not hinge on the existence of material misrepresentations or omissions, or the use of deceptive devices.")

For example, that the ARPS were perpetual is a fact neither party disputes. Plaintiff does not allege that the Defendants misrepresented the nature of the ARPS as perpetual. Cplt. ¶¶ 2, 13, 32. There is also no dispute that the ARPS provided "a more attractive source of leverage than borrowing." Cplt. ¶¶ 2, 13, 14, 32. In fact, it is the *truth* of this statement that rendered

4

Defendants' breach of its fiduciary duty so egregious. Defendants inexplicably chose to replace "a more attractive source of leverage" with less advantageous financing for no identifiable reason other than their own improper motives. Indeed, the Fund was not legally obligated to redeem ARPS, nor did the auction failures materially adversely affect the Fund's rights and obligations with respect to the ARPS. Cplt. ¶ 24.

Nor does the Complaint allege at any point that Defendants failed to inform shareholders that they were redeeming the ARPS and obtaining alternative financing. As explained in Plaintiff's Memorandum in Support of the Motion to Remand, none of the statements included in the Complaint were alleged to be false or misleading. Pltf. Mem. at 3-4. Defendants cannot change the true nature of the claims asserted by arbitrarily relabeling allegations as "misrepresentations" of fact.

As Defendants recognize, "the realities underlying the claims" are paramount. *Rabin v. JPMorgan Chase Bank, N.A,* 2007 U.S. Dist. LEXIS 57437 (N.D. Ill. Aug. 3, 2007). Defendants rely on *Rabin* in support of their contention that SLUSA applies, but the facts of that case are completely distinguishable. There, unlike here, "Plaintiffs . . . plead[ed] the state law claims of breach of fiduciary duty and unjust enrichment ***as an alternative to*** its federal securities claims." 2007 U.S. Dist. LEXIS 57437 (N.D. Ill. Aug. 3, 2007) (emphasis added). The complaint in *Rabin* primarily alleged Section 11 and Section 10(b) claims which, by definition, invoke the existence of misrepresentations and omissions. *Id*. at *18. Moreover, the *Rabin* complaint was rife with references to "omitted material facts." *Id*. In stark contrast, here, the Complaint here neither alleges false statements nor omissions of material fact.

Furthermore, the Complaint here does not allege that Defendants breached their fiduciary duties by redeeming the ARPS because they had in any way represented that they would not do

5

so.  Quite simply, the gravamen of Plaintiff's Complaint is that Defendants breached their fiduciary duties in causing the redemption of the ARPS, and that they did so to the detriment of shareholders without valid justification.  Defendants never represented that they could not or would not replace the ARPS with other financing.  They had, however, a clear fiduciary duty not to take unnecessary action that could harm Fund shareholders.

Plaintiff reinforced the true nature of the Complaint by including a disclaimer unambiguously stating:

> Plaintiff does not assert any claim arising from a misstatement or omission in connection with the purchase or sale of a security, nor does Plaintiff allege that Defendants engaged in fraud in connection with the purchase or sale of a security.

Cplt. ¶ 5.  Defendants assert that this disclaimer is somehow ineffective, but the case law they cite in support states that such a disclaimer is only irrelevant where the allegations in the complaint clearly contradict what is disclaimed.  For example, in *Kurz v. Fid. Mgmt. & Research, Co.,* (the only authority Defendants cite from this circuit), the court found SLUSA preemption because "the basis for their state-law claims of breach of contract is undisclosed conflicts of interest and omissions of material fact by Fidelity and FMR."  2007 U.S. Dist. LEXIS 80127, at *24 (S.D. Ill. June 10, 2008), *aff'd*, 556 F. 3d 639 (7th Cir. 2009).  Here, as already detailed, Plaintiff's claims for breach of fiduciary duty and unjust enrichment do not arise from a misstatement or omission in connection with the purchase or sale of a security.  Accordingly, SLUSA does not preempt the allegations in Plaintiff's Complaint, and the Court should remand the action to state court.

## II.  The "In Connection With" Requirement of SLUSA Does Not Apply

Because the Complaint does not allege a misstatement or an omission, the Court does reach the issue of whether the "in connection with the purchase or sale of a security" portion of

6

SLUSA applies. Defendants' reliance on *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, is patently unfounded. 547 U.S. 71 (U.S. 2006). In *Dabit*, the parties did not dispute that the complaint alleged misrepresentations and omissions of material facts. *Id*. at 84. The only disputed issue was whether the alleged misrepresentations and omissions were made "in connection with the purchase or sale" of securities. *Id*. Such is clearly not the case here. Nowhere in the Complaint is there any allegation that Plaintiff, or any other member of the purported Class, invested in Calamos in reliance on an alleged material misstatement or omission.

Indeed, as noted above, the gravamen of the Complaint is that Defendants violated their fiduciary duties towards Plaintiff and the Class by redeeming the ARPS to the detriment of the interests of common stockholders. Nothing in the allegations refers or relates to a misrepresentation or omission made in connections with the purchase or sale of securities.

Accordingly, remand is appropriate because, as *Dabit* makes clear, "we do not lose sight of the general "presum[ption] that Congress does not cavalierly pre-empt state-law causes of action." *Id*. at 87 (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). Nothing in the Complaint establishes a basis to usurp Plaintiff's state law causes of action, and, therefore, this action should be remanded to state court.

## **CONCLUSION**

For the reasons discussed herein and in Plaintiff's Memorandum In Support of Motion to Remand, Plaintiff respectfully requests that the Court remand this action to state court.

Dated: March 9, 2011

Respectfully submitted,

**POMERANTZ HAUDEK
   GROSSMAN & GROSS, LLP**

/s/ Patrick V. Dahlstrom
Patrick V. Dahlstrom
One North LaSalle Street, Suite 2225
Chicago, Illinois 60602
Telephone:  (312) 377-1181
Facsimile:  (312) 377-1184
pdahlstrom@pomlaw.com

Marc I. Gross
Murielle J. Steven
Jeremy A. Lieberman
Tamar A. Weinrib
**POMERANTZ HAUDEK
   GROSSMAN & GROSS, LLP**
100 Park Avenue, 26th Floor
New York, New York  10017-5516
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
migross@pomlaw.com
mjsteven@pomlaw.com
jalieberman@pomlaw.com

*Attorneys for Plaintiff Rutgers
Casualty Insurance Company*

8