**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUTGERS CASUALTY INSURANCE COMPANY, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-cv-462 |
| v. | ) ) | Judge Edmond E. Chang |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, et al., | ) ) ) ) | Magistrate Judge Morton Denlow |
| Defendants. | ) ) | |

**JOINT REPLY MEMORANDUM IN SUPPORT OF THE**
**FUND DEFENDANTS' AND THE CALAMOS**
**DEFENDANTS' JOINT MOTION TO DISMISS**

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
Telephone: 312.372.1121
Facsimile: 312.827.8000

*Attorneys for defendants*
*Weston W. Marsh, Joe F. Hanauer,*
*John E. Neal, William R. Rybak,*
*Stephen B. Timbers, David D. Tripple*
*and Calamos Convertible and High*
*Income Fund*

Christian J. Mixter (*pro hac vice*)
Patrick D. Conner (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

Kevin B. Dreher
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

*Attorneys for defendants John P. Calamos, Sr.,*
*Nick P. Calamos, Calamos Advisors LLC and*
*Calamos Asset Management, Inc.*

# TABLE OF CONTENTS

Page

ARGUMENT .................................................................................................................. 1

    I.      SLUSA PRECLUDES THIS ACTION IN ITS ENTIRETY ..................................1

           A.      Misrepresentations Or Omissions Of Material Fact ....................................1

           B.      "In Connection With" The Purchase Or Sale Of Fund Common Shares ......................................................................................................6

           C.      The Exceptions To SLUSA Have No Application Here .............................7

    II.     ALTERNATIVELY, IF PLAINTIFF'S CLAIMS ARE NOT PRECLUDED, THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE DEMAND REQUIREMENT ...........................................8

    III.    IN THE ALTERNATIVE, COUNT I SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6) ...........................................................................10

           A.      The Complaint Fails To State A Claim For Breach Of Fiduciary Duty ....10

           B.      The Claims Against Nick P. Calamos Should Be Dismissed Because Of Plaintiff's Failure To Respond To Any Of The Arguments For His Dismissal ......................................................................................................13

    IV.    PLAINTIFF'S AIDING AND ABETTING ALLEGATIONS FAIL TO SATISFY THE APPLICABLE PLEADING STANDARDS ...............................13

    V.     PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT THE CALAMOS DEFENDANTS UNJUSTLY RECEIVED A BENEFIT TO PLAINTIFF'S DETRIMENT ...........................................................................14

CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Anderson v. Merrill Lynch Pierce Fenner & Smith*,
    521 F. 3d 1278 (10th Cir. 2008) ........................................................................ 6

*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S. Ct. 1937 (2009) ................................................................. 13

*Atkinson v. Morgan Asset Mgmt., Inc.*,
    664 F. Supp. 2d 898 (W.D. Tenn. 2009) ............................................................ 7

*Beckett v. Mellon Investor Servs, Inc.*,
    No. C06-5245, 2006 WL 3249189 (W.D. Wash. Nov. 8, 2006), *aff'd in relevant
    part*, 329 Fed. Appx. 721 (9th Cir. 2009) ......................................................... 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................... 13

*Bonte v. U.S. Bank, N.A.*,
    624 F.3d 461 (7th Cir. 2010) ............................................................................ 13

*Brown v. Calamos, et al.*,
    No. 10-cv-6558, 2011 WL 893028 (N.D. Ill. Mar. 14, 2011), *appeal docketed*,
    No. 11-1758 (7th Cir. Apr. 5, 2011) ......................................................... passim

*Daniels v. Morgan Asset Management, Inc.*,
    743 F. Supp. 2d 730 (W.D. Tenn. 2010) ............................................................ 5

*Drage v. Procter & Gamble*,
    119 Ohio App. 3d 19, 694 N.E.2d 479 (Oh. Ct. App. 1997) .............................. 9

*Gavin v. AT&T Corp.*,
    464 F.3d 634 (7th Cir. 2006) .............................................................................. 6

*Grimes v. Donald*,
    673 A.2d 1207 (Del. 1996) ............................................................................... 10

*Hale v. China Online, Inc.*,
    No. 08-cv-5548, 2009 WL 2601357 (N.D. Ill. Aug. 21, 2009) .......................... 9

*Hare v. Custable*,
    No. 07-cv-3742, 2009 WL 3647045 (N.D. Ill. Aug. 31, 2009) .......................... 7

*In re Charles Schwab Corp. Sec. Litig.*,
    257 F.R.D. 534 (N.D. Cal.) ................................................................................ 5

Page(s)

*In re Columbia Entities Litigation*,
    No. 04-11704, 2005 U.S. Dist. Lexis 33439 (D. Mass. Nov. 30, 2005)............................ 7

*Instituto de Prevision Militar v. Lehman Bros., Inc.*,
    485 F. Supp. 2d 1340 (S.D. Fla. 2007) .............................................................................. 8

*Kaplan v. Peat Marwick, Mitchell & Co.*,
    540 A.2d 726 (Del. 1988) ................................................................................................. 9

*Kennedy v. Venrock Assoc.*,
    348 F.3d 584 (7th Cir. 2003) ............................................................................................ 7

*Kircher v. Putnam Funds Trust*,
    398 Ill. App. 3d 664 (Ill. App. Ct. 5th Dist. 2010) ....................................................... 4, 6

*Kircher v. Putnam Funds Trust*,
    403 F.3d 478 (7th Cir. 2005), *vacated for lack of appellate jurisdiction*, 547 U.S.
    633 (2006).......................................................................................................................... 4

*Kurz v. Fid. Mgmt. & Research Co.*,
    No. 07-cv-709, 2007 WL 3231423 (S.D. Ill. Oct. 30, 2007), *aff'd* 556 F.3d 639
    (7th Cir. 2009).................................................................................................................... 4

*MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*,
    216 F. Supp. 2d 251 (S.D.N.Y. 2002)................................................................................ 5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*,
    547 U.S. 71 (2006)..................................................................................................... passim

*Norman v. Salomon Smith Barney, Inc.*,
    350 F. Supp. 2d 382 (S.D.N.Y. 2004)................................................................................ 5

*Off v. Ross*,
    No. 3468-VCP, 2008 WL 5053448 (Del. Ch. Nov. 26, 2008) ........................................ 13

*Potter v. Janus Investment Fund*,
    483 F. Supp. 2d 692 (S.D. Ill. 2007)................................................................................. 6

*Rales v. Blasband*,
    634 A.2d 927 (Del. 1993) ................................................................................................. 9

*RCM Sec. Fund, Inc. v. Stanton*,
    928 F.2d 1318 (2d Cir. 1991)........................................................................................... 10

*Robotti & Co., LLC v. Liddell*,
    No. 3128, 2010 WL 157474 (Del. Ch. Jan. 14, 2010) ..................................................... 12

Page(s)

*Rowinski v. Salomon Smith Barney Inc.*,
    398 F.3d 294 (3rd Cir. 2005) ........................................................................ 4, 5

*Segal v. Fifth Third Bank*, 581 F. 3d 305 (6th Cir. 2009) ......................................... 4, 5

*Shaper v. Bryan*,
    371 Ill. App. 3d 1079 (1st Dist. 2007) ............................................................. 13

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*,
    341 F. Supp. 2d 258 (S.D.N.Y. 2004) .............................................................. 5

**Statutes**

Delaware Statutory Trust Act,
    12 Del. C § 3806(e) ....................................................................................... 11

Securities Litigation Uniform Standards Act of 1998,
    15 U.S.C. § 78bb ...................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 8, 9, 10

**ARGUMENT**[1]

**I.     SLUSA PRECLUDES THIS ACTION IN ITS ENTIRETY**

The essential, and dispositive, first question in this case is whether Plaintiff's putative class claims are precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").  In its Opposition to Defendants' Joint Motion to Dismiss ("Opposition" or "Pl's Opp."), Plaintiff contests whether the fourth element of SLUSA preclusion is satisfied, *i.e.*, whether the Complaint alleges a misrepresentation or omission of material fact in connection with the purchase or sale of Fund common shares.  It is a measure of the weakness of Rutgers' argument on this point that Plaintiff has found it necessary to backstop its position by contending that this putative class action is not *really* a class action at all, despite what the Complaint itself states, but instead is "an exclusively derivative action brought. . .on behalf of a corporation." 15 U.S.C. § 78bb(f)(5)(C).  Plaintiff's former argument is plainly wrong, and recently was squarely rejected by another Court in this District on virtually identical allegations.  Rutgers' alternative argument, like several others in its Opposition, is utterly frivolous.

**A.  Misrepresentations Or Omissions Of Material Fact**

Defendants will not repeat here the detailed discussion of the Complaint's allegations appearing at pages 2-4, 7-8 and 10 of their Joint Memorandum in Support of the Fund Defendants' and the Calamos Defendants' Motion to Dismiss Pursuant to SLUSA ("Joint Memorandum" or "Defs' Joint Mem.").  Suffice it to say that Plaintiff alleges Defendants made

---

[1]     All Defendants join in Sections I-III of this Reply Memorandum.  Sections IV and V of this Reply Memorandum are submitted on behalf of Defendants Calamos Advisers, LLC and Calamos Asset Management, Inc.  Plaintiff has not addressed the Fund's arguments directed against Counts II and III of the Complaint, as set forth at pages 9-10 of the Fund Defendants' Supplemental Memorandum in Support of Joint Motion to Dismiss.  Counts II and III of the Complaint should be dismissed as to the Fund for this reason as well as the reasons set forth in Sections IV and V of this Reply Memorandum, in which the Fund joins.

public statements that ARPS were "perpetual" and "not redeemable by the Fund's shareholders," but instead caused the Fund to redeem the ARPS in order to serve undisclosed "economic self-interests" they supposedly shared with the Calamos Sponsorship Group.  (Compl. ¶¶ 2, 13(b), 14, 24, 32)  (Pl's Opp. at 1-3)  The Complaint claims that redemption of the ARPS "eliminat[ed] one of the major benefits of the investment" in common shares of the Fund. (Compl. ¶¶ 47, 59)

District Judge Elaine E. Bucklo recently considered SLUSA's application to substantially identical allegations in an earlier filed complaint against another Calamos Fund and concluded that claims like those advanced by Plaintiff Rutgers are precluded.  *Brown v. Calamos, et al.*, No. 10-cv-6558, 2011 WL 893028, *1-4 (N.D. Ill. Mar. 14, 2011), *appeal docketed*, No. 11-1758 (7th Cir. Apr. 5, 2011).  Rutgers argues that the decision in *Brown* should be disregarded here because plaintiff Brown failed to cite authority supporting his contention that SLUSA did not apply.  (Pl's Opp. at 3, n. 5)  Rutgers claims that "[b]y contrast," it has cited "ample law showing that SLUSA is inapplicable."  (*Id.*)  But the cases Plaintiff has cited in support of its argument that the Complaint does not allege a misrepresentation or omission of material fact within the meaning of SLUSA show no such thing, and consist of decisions rendered before the Supreme Court's ruling in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 86-87 (2006), and of district court decisions outside this Circuit.  Nor does Plaintiff attempt to distinguish the allegations in *Brown*,[2] which obviously served as the template for the Complaint in this case.  Rutgers has not attempted to distinguish *Brown* because it simply cannot.

Plaintiff's Opposition, like its Motion to Remand (and like the plaintiff in *Brown*), attempts to recharacterize the allegations of the Complaint, disclaiming any intention of asserting

---

[2]     A copy of the *Brown* Complaint was submitted as Exhibit B to Defendants' Joint Motion for Leave to Submit Supplemental Authority in Opposition to Plaintiff's Motion to Remand, Dkt. #30-2.

a claim "alleg[ing] any misrepresentations or material omissions. . . ." (Pl's Opp. at 4, 8, 10) Its arguments fail, for several reasons.

First, as the case law discussed at pages 8-9 of the Joint Response of Fund Defendants and Calamos Defendants in Opposition to Motion to Remand ("Defendants' Opposition to Remand") indicates, the fact that the Complaint does not expressly characterize the statements attributed to Defendants as "misrepresentations" or as "untrue" is of no consequence. *Brown* likewise holds that SLUSA may not be evaded by avoidance of the Act's terminology. *Brown*, 2011 WL 893028, at *3 ("regardless of how a plaintiff characterizes his or her claims, if they include the 'covered concepts' of misrepresentations or material omissions, they must be dismissed").

Second, the Complaint's allegations that Defendants stated that ARPS were "not redeemable" and had a "perpetual term," coupled with the allegation that redemption of the ARPS "eliminat[ed] one of the major benefits of the investment," illustrate the underlying premise of the Complaint, *i.e.*, that the Fund's representations ostensibly led investors to believe that the ARPS *would not* be redeemed by the Fund. (Compl. ¶¶ 2, 13(b), 14, 24, 32, 47, 59) As a result, Plaintiff's argument that the Complaint does not "allege. . .that Defendants failed to inform shareholders that they were redeeming the ARPS and obtaining alternative financing" misses the point. (Pl's Opp. at 6) The thrust of the allegations Plaintiff *has* made is that investors were misled into believing that the ARPS would never be redeemed. *See Beckett v. Mellon Investor Servs, Inc.*, No. C06-5245, 2006 WL 3249189, *4 (W.D. Wash. Nov. 8, 2006), *aff'd in*

*relevant part*, 329 Fed. Appx. 721 (9th Cir. 2009) (allegation that fees charged to plaintiff were not authorized by contract "implicitly allege[d] an omission of material fact").[3]

Third, Plaintiff acknowledges, as it must, that it is claiming that Defendants supposedly acted under an undisclosed conflict of interest. (Pl's Opp. at 3) A complaint containing such allegations is precluded by SLUSA. *See* the authorities cited at page 10 of Defendants' Opposition to Remand; *see also Kurz v. Fid. Mgmt. & Research Co.*, No. 07-cv-709, 2007 WL 3231423, *24 (S.D. Ill. Oct. 30, 2007), *aff'd* 556 F.3d 639 (7th Cir. 2009) (cited by Rutgers as a case where SLUSA applied because state law claims were based upon "undisclosed conflicts of interest and omissions of material fact. . . ." (Pl's Opp. at 10))

Fourth, "SLUSA preemption 'does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are alleged in one form or another.'" *Brown*, 2011 WL 893028, at *3 (quoting *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 300 (3rd Cir. 2005)); *Segal v. Fifth Third Bank*, 581 F. 3d 305, 311 (6th Cir. 2009) (contention that "the state-law claims do not depend upon allegations of

---

[3]     Plaintiff attempts to distinguish *Kircher v. Putnam Funds Trust*, 398 Ill. App. 3d 664 (Ill. App. Ct. 5th Dist. 2010), on the ground that "the claims here do not involve any alleged material omissions." (Pl's Opp. at 8) In *Kircher*, the plaintiff also argued that it had not alleged material misstatements or omissions, but the court disagreed. *Id.* at 670. Both the Illinois Appellate decision and the Seventh Circuit decision in *Kircher* establish that if a disclosure would eliminate the plaintiff's claim, the claim is one based upon a misrepresentation or omission within the meaning of SLUSA. *Id.* at 673-74; *Kircher v. Putnam Funds Trust*, 403 F.3d 478, 484 (7th Cir. 2005), *vacated for lack of appellate jurisdiction*, 547 U.S. 633 (2006) ("if these funds had stated bluntly in their prospectuses. . .that daily valuation left no-load funds exposed to short-swing trading strategies, that revelation would have squelched litigation of this kind. [This] observation show[s] that plaintiffs' claims depend on statements made or omitted in connection with. . .[purchases]. . .of the funds' securities"). Applying the reasoning of the *Kircher* decisions here, because a disclosure to potential investors that the Fund would redeem ARPS in the event of an auction market failure would defeat the claims asserted by Rutgers, those claims "depend on statements made or omitted" and therefore are within SLUSA's scope. *Id.*; *see also Kurz*, 556 F.3d at 642 ("Kurz had a federal securities claim, or he had nothing").

misrepresentation or manipulation -- and thus are not material to them" was unavailing). *Brown*,

*Rowinski*, and *Segal* are consistent with both the intent of Congress and the broad construction

courts must afford to SLUSA. *See, e.g.*, *Dabit*, 547 U.S. at 86-87; *Brown*, 2011 WL 893028, at

\*2; *Daniels v. Morgan Asset Management, Inc.*, 743 F. Supp. 2d 730, 736 (W.D. Tenn. 2010).

Accordingly, Plaintiffs' citation to cases preceding the Supreme Court's decision in *Dabit*,

including *Norman v. Salomon Smith Barney, Inc.*, 350 F. Supp. 2d 382, 386 (S.D.N.Y. 2004),

*Xpedior Creditor Trust v. Credit Suisse First Boston (USA), Inc.*, 341 F. Supp. 2d 258, 261

(S.D.N.Y. 2004), and *MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.*, 216 F. Supp. 2d

251 (S.D.N.Y. 2002), is unavailing. (Pl's Opp. at 5)

Finally, Plaintiff's efforts to marginalize its own allegations regarding the Fund's public

statements as "irrelevant" (Pl's Opp. at 5) are wholly ineffectual. *In re Charles Schwab Corp.*

*Sec. Litig.*, 257 F.R.D. 534 (N.D. Cal. 2009), cited by Rutgers, is inapposite because the plaintiff

in *Schwab* alleged both securities claims and state law claims. In considering whether SLUSA

precluded the state law claims, the court disregarded the allegations supporting the plaintiff's

securities claims. *Id.* at 551. Here, on the other hand, *all* of the allegations in the Complaint are

pleaded for the ostensible purpose of supporting Plaintiff's state law claims. SLUSA cannot be

evaded by characterizing those allegations as mere background facts unnecessary to the claims

alleged. *Brown*, 2011 WL 893028, at \*2 ("Plaintiff's argument that the alleged

misrepresentations and omissions are merely background facts, rather than the basis for his

claim, is similarly unavailing"); *Segal*, 581 F.3d at 311. Consequently, the Complaint pleads the

misrepresentation or omission of material facts within the meaning of SLUSA.

**B. "In Connection With" The Purchase Or Sale Of Fund Common Shares**

Plaintiff's contention that SLUSA's "in connection with" requirement has not been met (Pl's Opp. at 10) also fails. As noted in Defendants' Joint Memorandum, Paragraphs 13(b), 14 and 47 of the Complaint allege that the Fund filed SEC reports and made public pronouncements concerning the allegedly "perpetual" nature of ARPS financing that was a "key aspect" of Fund performance, "particularly significant" to shareholders, and one of "the major benefits of [an]. . . investment" in common stock of the Fund. (Defs' Joint Mem. at 12) In *Brown*, the Court held that almost identical allegations met the "in connection with" requirement. 2011 WL 893028, at *3 (holding that Brown's argument "that the alleged misrepresentations are not 'in connection with the purchase or sale' of plaintiff's securities is without merit in view of. . .*Dabit*, 547 U.S. at 86-87").[4]

Plaintiff tacitly acknowledges that under *Dabit*, 547 U.S. at 85, the "in connection with" requirement is met when any purchase of a security coincides with alleged misconduct. (Pl's Opp. at 11) Plaintiff's response is to assert that "[n]owhere in the Complaint is there an allegation that any shareholder invested in Calamos *in reliance* on an alleged material misstatement or omission." (Pl's Opp. at 10-11) (emphasis supplied) SLUSA applies, however, even if a plaintiff has not alleged each element of a private right of action under Section 10(b) of the 1934 Act and Rule 10b-5, as *Dabit* itself indicates. *See also Anderson v. Merrill Lynch Pierce Fenner & Smith*, 521 F. 3d 1278, 1285 (10th Cir. 2008); *Potter v. Janus Investment Fund*, 483 F. Supp. 2d 692, 697-98 (S.D. Ill. 2007). As the Seventh Circuit observed in *Kircher*, SLUSA's "preemptive effect is not confined to knocking out state-law claims by investors who

---

[4]     Plaintiff cites *Gavin v. AT&T Corp.*, 464 F.3d 634, 639 (7th Cir. 2006), which is factually inapposite. In *Gavin* the alleged omission occurred *after* the consummation of a merger. *Gavin*, 464 F.3d at 638.

have *winning* federal claims. . . . It covers both good and bad securities claims – *especially* bad ones." 403 F.3d at 484.

### C. The Exceptions To SLUSA Have No Application Here

In its Opposition, Plaintiff has invoked SLUSA's exception of "exclusively derivative" actions -- despite the fact that Plaintiff clearly has cast its Complaint as a class action, seeking recovery on behalf of the putative class (as opposed to the Fund).[5] (Compl. ¶¶ 1, 36-41)   As an exception to SLUSA preemption, the term "exclusively derivative" should be narrowly construed, consistent with the Supreme Court's admonition that SLUSA preclusion is to be construed *broadly. See Atkinson v. Morgan Asset Mgmt., Inc.*, 664 F. Supp. 2d 898, 905 (W.D. Tenn. 2009) ("Broadly interpreting. . .the first Delaware Carve-Out would. . .contravene the Supreme Court's holding in *Dabit* that courts are to read SLUSA's preclusion provisions broadly"); *see also Brown*, 2011 WL 893028, at *2.[6]

Moreover, Plaintiff acknowledges that a case may be "considered 'derivative' in nature when the damages claimed are derivative in nature." (Pl's Opp. at 3)  The Complaint fails this test in that it does not seek damages derivatively, on behalf of the Fund, but rather purports to seek direct damages on behalf of Fund common shareholders.  (Compl. ¶¶ 1, 35-41, 48-49, 53-54, 59-62; Prayer ¶ F)  The very quotation from *In re Columbia*, 2005 U.S. Dist. Lexis 33439 at *15-16, set forth at page 13 of Plaintiff's Opposition distinguishes between claims for breach of

---

[5]    Plaintiff does not contend that any other exception to SLUSA preclusion is applicable.

[6]    None of the cases cited by Plaintiff for the proposition that the Court purportedly may disregard the fact that the Complaint has been brought as a class action involved application of the "exclusively derivative" exception to SLUSA.  *See In re Columbia Entities Litigation*, No. 04-11704, 2005 U.S. Dist. Lexis 33439, *15-16 (D. Mass. Nov. 30, 2005); *Hare v. Custable*, No. 07-cv-3742, 2009 WL 3647045, *4 (N.D. Ill. Aug. 31, 2009); *Kennedy v. Venrock Assoc.*, 348 F.3d 584, 587 (7th Cir. 2003).

fiduciary duty resulting in a diminution in the value of corporate stock or assets (a claim which is "one held by the corporation itself, and is thus derivative") and a direct investor action claiming fraud or misrepresentation. The putative class claims pleaded in each count of Rutgers' Complaint fit the latter description, not the former.

Contrary to Plaintiff's assertions (Pl's Opp. at 12), Defendants have not "admitted" that Rutgers' claims are within SLUSA's exclusion of "exclusively derivative action[s] brought. . .on behalf of a corporation." 15 U.S.C. § 78bb(f)(5)(C). Defendants have merely pointed out that the injuries Rutgers pleads in the Complaint all flow from alleged harm to the Fund. Notwithstanding this, Plaintiff elected to bring this case as a class action. (Compl. ¶¶ 1, 36-41) That Plaintiff has pleaded a *bad* class action does not change the fact that it has elected to pursue that particular procedural device, which is specifically precluded by SLUSA. *Dabit*, 547 U.S. at 86. As a result, the "exclusively derivative" exception does not apply. *See Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1346 (S.D. Fla. 2007) (where plaintiff failed to allege it had met Rule 23.1 requirements for a derivative action and had not styled its action as a derivative suit, case did not qualify for exception to SLUSA).

Because Plaintiff's claims are precluded, the Court need not address Defendants' alternative grounds for dismissal. In the event the Court concludes that any of Plaintiff's claims survive preclusion, any such claims should be dismissed for the reasons set forth below.

## II. ALTERNATIVELY, IF PLAINTIFF'S CLAIMS ARE NOT PRECLUDED, THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE DEMAND REQUIREMENT

Plaintiff does not dispute the requirement that a derivative plaintiff must make and plead board demand prior to filing suit, or allege with particularity the reasons why demand would be

futile. (Pl's Opp. at 13-14); *see* Fed. R. Civ. P. 23.1; Del. R. Ch. Ct. 23.1.[7]    Because Plaintiff

concedes that it has not made demand (Pl's Opp. at 13-14), to pursue any derivative claims it

would be required to allege with particularity the reasons why demand would be futile. *Rales v.*

*Blasband*, 634 A.2d 927, 932 (Del. 1993).

Plaintiff argues that it has "amply pled facts that any demand would have been futile"

(Pl's Opp. at 14), but the term "futile" and the concept of demand futility are noticeably absent

from the Complaint.  Plaintiff relies solely on its "Demand Letter Allegations" in paragraphs 42

through 44 of the Complaint, which allege that the Fund's consideration and rejection of *another*

shareholder's demand was a "continued breach of fiduciary duty. . .not protected by the business

judgment rule."  (Compl. ¶ 44)  These allegations do not plead that demand by Rutgers would be

futile, much less plead such a theory with particularity as required under Delaware law.

Moreover, Plaintiff cites no authority for the proposition that it would be entitled to plead

demand futility based on a prior demand by a different shareholder.  Courts that have considered

this issue have concluded that a shareholder cannot rely on a demand made by another

shareholder.  *Kaplan v. Peat Marwick, Mitchell & Co.*, 540 A.2d 726, 731 n.2 (Del. 1988) (a

shareholder "cannot effectively rely on an earlier demand made by another. . . shareholder").

*See also Drage v. Procter & Gamble*, 119 Ohio App. 3d 19, 32, 694 N.E.2d 479, 387 (Ohio Ct.

App. 1997) (applying Ohio law, which is similar to Delaware demand futility law, and observing

that "[t]he underlying rationale for the demand rule precludes one shareholder from using the

rejection of a demand by another shareholder to prove futility of demand").

---

[7]    Plaintiff fails to cite cases from the relevant jurisdiction on this issue.  (Pl's Opp. at 13-14)  In a case involving a Delaware statutory trust, Delaware law applies to the pre-suit demand requirement.  *See Hale v. China Online, Inc.*, No. 08-cv-5548, 2009 WL 2601357, *3 (N.D. Ill. Aug. 21, 2009).

Finally, even if Plaintiff could rely on the refusal of another shareholder's demand, Plaintiff would still be subject to the same pleading burden as the shareholder whose demand was refused. Thus, Plaintiff would be required to allege that demand was *wrongfully* refused by pleading "particularized allegations which would raise a reasonable doubt that the Board's decision to reject the demand was the product of a valid business judgment." *Grimes v. Donald*, 673 A.2d 1207, 1220 (Del. 1996). Plaintiff has failed even to attempt this "considerable" burden. *See RCM Sec. Fund, Inc. v. Stanton*, 928 F.2d 1318, 1328 (2d Cir. 1991).

The Complaint does not comply with the requirements applicable to derivative suits. Accordingly, any claims that survive SLUSA preclusion should be dismissed.

## III. IN THE ALTERNATIVE, COUNT I SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

Count I of the Complaint should be dismissed for the additional reason that it fails to state a claim against any of the Individual Defendants.

### A. The Complaint Fails To State A Claim For Breach Of Fiduciary Duty

In their Supplemental Memorandum in Support of Joint Motion to Dismiss (the "Supplemental Memorandum" or "Fund Defs' Supp. Mem."), the Fund Defendants, joined by defendants John P. Calamos Sr. and Nick P. Calamos, demonstrated that the Complaint fails to plead a claim for breach of fiduciary duty. In response, Plaintiff mischaracterizes not only the Fund Defendants' arguments but also its own allegations.

First, Plaintiff's claim that the Fund Defendants have "disingenuous[ly]" asserted that the Trustees have *no* fiduciary duties is simply untrue. (Pl's Opp. at 16) Rather, in their Supplemental Memorandum, the Fund Defendants argued that the Trustees do not owe shareholders the duties alleged in Count I, *i.e.*, "not to unfairly favor the interest of one class of shareholders over another;" "not to cause one class of shareholders to receive a benefit greater

than that to which they are entitled at the expense of another class of shareholders;" and "not to engage in conduct that reduces the common shareholders' realized benefits in an investment in the Fund."  (Compl. ¶ 46)  In response, Plaintiff offers no citation to any Delaware authority or to any provision in the Declaration giving rise to such supposed "duties."

Second, contrary to Plaintiff's assertion, the Fund Defendants have not argued that the Delaware Statutory Trust Act ("Delaware Act") or the Declaration "eradicate their fiduciary duties." (Pl's Opp. at 16)  Instead, the Trustees have pointed out that the Delaware Act and the Declaration serve to *limit* the liability of the Trustees to acts or omissions constituting "willful misfeasance, bad faith, gross negligence, or reckless disregard of the duties involved in the conduct of [their] office." (Fund Defs' Supp. Mem. at 7)  Furthermore, although Plaintiff contends the Fund Defendants concede that "they are exposed to liability for these types of acts" (*i.e.,* "willful, misfeasance, bad faith, gross negligence, or reckless disregard of the[ir] duties"), Rutgers falls flat when it attempts to explain how it has alleged "these types of acts."  (Pl's Opp. at 17)  Nowhere does the Complaint allege that Defendants' conduct met this standard.

Third, to avoid the exculpatory language in the Declaration for actions taken in the exercise of "reasonable care," Plaintiff argues that "[t]he Complaint alleges the opposite—that the Individual Defendants did *not* exercise reasonable care in the course of their duties as Trustees of the Fund and fiduciaries of the Fund Shareholders."  (Pl's Opp. at 17) (emphasis in original)  Once again, Plaintiff does not support this assertion with any citation to its Complaint, because the Complaint does *not* contain any allegations regarding the care employed by the Trustees in reaching the decisions alleged therein.  (*Id.*)

Fourth, Plaintiff has failed to point to any allegations in the Complaint meeting the particularized pleading requirements necessary to overcome the presumptions afforded by the

business judgment rule. *See* Pl's Opp. at 18-19, citing Paragraphs 3 and 25-34 of the Complaint. Paragraph 3 of the Complaint, which states that "[t]he Individual Defendants took these actions to further their own interest," is conclusory and does not contain any particularized allegations of any pecuniary benefit derived by the Trustees in the form of monetary payments or other emoluments. Similarly, Paragraphs 25 through 34 do not allege that the Trustees derived a pecuniary benefit, much less allege such a benefit with particularity. Paragraph 26 of the Complaint, which Plaintiff contends pleads a "personal benefit" to the Trustees, contains allegations concerning ostensibly improved relationships with investment banks and brokers. That paragraph, however, is alleged "on information and belief" and fails to include particularized allegations as to any benefit actually received by the Trustees. Moreover, allegations regarding improved business relationships are insufficient unless a complaint identifies a specific relationship "that is so close that one could infer that the. . .[Trustee] would be more willing to risk his. . .reputation than risk the relationship." *See Robotti & Co. v. Liddell*, No. 3128, 2010 WL 157474, *12-13 (Del. Ch. Jan. 14, 2010).

Finally, Plaintiff chides Defendants for failing to offer any "explanation whatsoever about why they discarded such an advantageous form of financing. . . ." (Pl's Opp. at 19) But it is not Defendants' obligation to demonstrate on a motion to dismiss that their actions proved beneficial; it is *Plaintiff*'s burden to plead facts (not speculation) giving rise to a reasonable inference that the Trustees' authorization of the ARPS redemption constituted a breach of duty.[8]

---

[8] Plaintiff seems to recognize this basic principle and seizes upon it to side-step responding to footnote 9 of Defendants' Joint Memorandum (which notes that "the ARPS could not be redeemed except at their liquidation preference"), arguing that any discussion of the merits is "premature on a motion to dismiss." (Pl's Opp. at 19) Yet in the very next breath, Plaintiff reverses field and complains that "Defendants have yet to provide any credible reason for choosing to redeem the ARPS. . . ." (Pl's Opp. at 19) If Plaintiff demands a demonstration that

Plaintiff has not done so, and the Trustees therefore must be presumed to have acted independently, with due care, in good faith and in the honest belief that their actions were in the best interest of shareholders. *See Off v. Ross*, No. 3468-VCP, 2008 WL 5053448, at *11 (Del. Ch. Nov. 26, 2008) (Delaware law); *Shaper v. Bryan*, 371 Ill. App. 3d 1079, 1087 (1st Dist. 2007) (Delaware law). Count I must be dismissed for this additional reason.

### B. The Claims Against Nick P. Calamos Should Be Dismissed For Failure To Respond To Any Of The Arguments For His Dismissal

Plaintiff has provided no response to Defendant Nick P. Calamos' arguments for dismissal. (Calamos Supp. Mem. at 2-3.) Accordingly, the claims against him should be dismissed. *See Bonte v. U.S. Bank, N.A.,* 624 F.3d 461, 464-66 (7th Cir. 2010) (affirming dismissal where plaintiff restated its allegations and ignored defendant's substantive arguments).

## IV. PLAINTIFF'S AIDING AND ABETTING ALLEGATIONS FAIL TO SATISFY THE APPLICABLE PLEADING STANDARDS

As discussed in the Calamos Defendants' Supplemental Memorandum, a bare recitation of legal elements is not sufficient to state a valid claim for aiding and abetting a breach of fiduciary duty. *See* Calamos Supp. Mem. at 4-6 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009)). Plaintiff's Opposition merely repeats the statement from the Complaint that the "Calamos Defendants aided and abetted the Individual Defendants' breaches of fiduciary duties by *encouraging and sanctioning* the Individual Defendants' misconduct." (Pl's Opp. at 21) (emphasis added).

---

the decision to redeem the ARPS had a "rational business purpose," it need look no further than the SEC filings cited in its Complaint. Those filings disclose that the dividend rates on ARPS during the fiscal year ended October 31, 2008 ranged from 1.44% to 5.91%, while the average interest rate on the Fund's borrowings for the fiscal year then ended was only 2.93% -- below the mid-point of the range of ARPS dividend rates in fiscal year 2008. N-CSR for fiscal year 2008, filed December 29, 2008 (cited in Compl. ¶ 32), at 25, *available at* http://www.sec.gov/Archives/edgar/data/1222719/000095013708014579/c47841nvcsr.htm.

13

Plaintiff has provided no explanation of what acts taken by the Calamos Defendants amounted to such encouragement, nor can it cite a single decision for its position that such spare references can support an aiding and abetting claim. The failure to plead specific facts giving rise to a reasonable inference of "knowing and substantial assistance" on the part of the Calamos Defendants is fatal to Plaintiff's aiding and abetting claim.

Moreover, Plaintiff's argument that the Complaint sufficiently alleges an injury flowing from the alleged breach of fiduciary duty because the Defendants' actions "reduced the pool of money available to pay the dividends," *see* Pl's Opp. at 21, continues to ignore the Fund's Prospectus, which clearly states that the payment and rate of dividends is discretionary. *See* Calamos Supp. Mem. at 7. Further, as discussed in the Calamos Defendants' Supplemental Memorandum with respect to unjust enrichment, *id.* at 8-9, Plaintiff's alleged injury related to an asserted decrease in the value of the common shares is inconsistent with Plaintiff's allegations related to the Calamos Defendants' alleged profit motive. The injuries Plaintiff alleges are speculative and hypothetical, which warrants dismissal of the aiding and abetting claim.

## V. PLAINTIFF FAILS TO ALLEGE FACTS SHOWING THAT THE CALAMOS DEFENDANTS UNJUSTLY RECEIVED A BENEFIT TO PLAINTIFF'S DETRIMENT

Plaintiff does not even attempt to address the inconsistency of its allegations concerning a decrease in the value of common shares with its other allegations related to the Calamos Defendants' alleged profit motive. *See* Calamos Supp. Mem. at 8-9 (citing Compl. ¶¶ 15-20, 58). This failure alone is grounds for dismissing the unjust enrichment claim. In addition, Plaintiff does not respond to the point that "the detriment Plaintiff is alleging here is one that the Fund, not Plaintiff, experienced." *See* Calamos Supp. Mem. at 9. Indeed, Plaintiff's arguments concerning allegedly increased Fund expenses and reduced Fund profits serve only to bolster this point. Even if Plaintiff has alleged -- in wholly conclusory terms -- that as a result of increased

14

costs, the Fund's dividend rate declined in the years after redemption of the ARPS, at no point does it show that the Calamos Defendants' *fees* resulted in this derivative detriment, nor does it show that it somehow was entitled to receive those fees. *See* Calamos Supp. Mem. at 9-10. Plaintiff's failure to show a relationship between the alleged enrichment and its own alleged loss warrants dismissal of the unjust enrichment claim.

## CONCLUSION

For the foregoing reasons, each of the claims asserted in Plaintiff Rutgers Casualty Insurance Company's Complaint should be dismissed with prejudice.

Dated: May 2, 2011

John W. Rotunno
Paul J. Walsen
Molly K. McGinley
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: 312.372.1121
Facsimile: 312.345.9060

Christian J. Mixter (*pro hac vice*)
Patrick D. Conner (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: 202.739.3000
Facsimile: 202.739.3001

Kevin B. Dreher
Michael F. Derksen
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601-5094
Telephone: 312.324.1000
Facsimile: 312.324.1001

Respectfully submitted,

Weston W. Marsh, Joe F. Hanauer, John E. Neal, William R. Rybak, Stephen B. Timbers, David D. Tripple and Calamos Convertible and High Income Fund

By: _____/s/  John W. Rotunno_____
       One of their attorneys

Defendants John P. Calamos, Sr., Nick P. Calamos, Calamos Advisors LLC, and Calamos Asset Management, Inc.

By: _____/s/  Christian J. Mixter_____
       One of their attorneys

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that he caused the foregoing *Joint Reply Memorandum in Support of the Fund Defendants' and the Calamos Defendants' Joint Motion to Dismiss* to be served automatically via CM/ECF upon the following counsel of record:

Marc I Gross
Murielle J. Steven
Jeremy A. Lieberman
Pomerantz, Haudek, Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: 212-661-1100
Facsimile: 212-661-8665
migross@pomlaw.com
mjsteven@pomlaw.com
jalieberman@pomlaw.com

Patrick V. Dahlstrom
Pomerantz, Haudek, Grossman & Gross LLP
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: 312-377-1181
Facsimile: 312-377-1184
pvdahlstrom@pomlaw.com


                                          /s/  John W. Rotunno
                                          John W. Rotunno