UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RUTGERS CASUALTY INSURANCE COMPANY, individually and on behalf of all others similarly situated,<br>                           Plaintiff,<br><br>v.<br><br>JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, NICK P. CALAMOS, former Trustee of the Calamos Convertible and High Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible and High Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible and High Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible and High Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible and HighIncome Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible and High Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible and High Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, CALAMOS CONVERTIBLE AND HIGH INCOME FUND, and JOHN AND JANE DOES 1-100,<br><br>                           Defendants. | Case No. 1:11-cv-00462<br><br>U.S. District Judge Edmond E. Chang |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION
FOR LEAVE TO SUBMIT ADDITIONAL AUTHORITY IN SUPPORT
OF DEFENDANTS' JOINT MOTION TO DISMISS THE COMPLAINT
AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

1

Pursuant to this Court's Order dated October 4, 2011, Plaintiff submits the following response to Defendants' Joint Motion for Leave to Submit Additional Authority in Support of Defendants' Joint Motion to Dismiss the Complaint and in Opposition to Plaintiff's Motion to Remand ("Defs' Motion"), in order to address the applicability of the recent decision by the Sixth Circuit in *Atkinson v. Morgan Asset Management, Inc.*, No. 09-6265, 2011 WL 3926376 (6th Cir. Sept. 8, 2011) to the above-referenced action.

Defendants rely on *Atkinson* to argue that "SLUSA preclusion does not turn on whether plaintiff's state law claim is dependent upon misrepresentations, untrue statements or omissions of material fact." Defs' Motion at ¶3. However, the facts alleged in *Atkinson* are very distinguishable from those present here. There, plaintiff held redeemable securities in mutual funds issued by Morgan Keegan Select Fund, Inc., an open-end investment company. 2011 WL 3926376 at *1. Holders were entitled to redeem their shares at any time in exchange for their proportionate share of the issuer's current net assets. *Id.* After the mutual fund shares lost value in 2007 and 2008, plaintiffs brought suit alleging that defendants *failed to disclose* that they had taken unjustified investment risks. In addition to breach of fiduciary duty claims, the plaintiffs there also alleged claims for negligent misrepresentation, violations of the Maryland Securities Act, negligence and breach of contract. Plaintiffs further allege that they would have redeemed their shares had the risks been disclosed to them. *Id.*

Unlike here, the *Atkinson* plaintiffs' claims did depend on an omission of material fact. In fact, as the Court noted in its decision, plaintiffs "opened their complaint by alleging that Defendants 'fail[ed] to provide truthful and complete information about the Funds' portfolios…'" *Id.* at * 4. *Atkinson* thus appears to fall squarely within the parameters of SLUSA, which applies

2

to any action that alleges an "untrue statement or omission of material fact." See 15 U.S.C. § 77p(b)(1). It was on this reasoning that the Sixth Circuit applied SLUSA to the claims at issue.

Here, in stark contrast, Plaintiff has alleged claims of breach of fiduciary duty and aiding and abetting breach of fiduciary duty, which do not rely on any allegations of misrepresentation or omission in order to be viable. In fact, Plaintiff has explicitly disclaimed any such allegations. Even though Plaintiff does allege that defendants' motivations for redeeming the ARPS stemmed from a conflict of interest, Plaintiff's fiduciary duty claim would still be viable even if Defendants had disclosed the conflict because the end result would have been the same - the Defendants would have redeemed the ARPS, thereby depriving Plaintiff and the other shareholders of a highly advantageous form of financing. Thus, disclosure would not have remedied the breach.

Dated: October 11, 2011

    Respectfully submitted,

    **POMERANTZ HAUDEK**
     **GROSSMAN & GROSS, LLP**

    /s/ Patrick V. Dahlstrom
    Patrick V. Dahlstrom
    One North LaSalle Street, Suite 2225
    Chicago, Illinois 60602
    Telephone: (312) 377-1181
    Facsimile: (312) 377-1184
    pdahlstrom@pomlaw.com

    Marc I. Gross
    Murielle J. Steven
    Jeremy A. Lieberman
    Tamar A. Weinrib
    **POMERANTZ HAUDEK**
     **GROSSMAN & GROSS, LLP**
    100 Park Avenue, 26th Floor
    New York, New York 10017-5516
    Telephone: (212) 661-1100
    Facsimile: (212) 661-8665

migross@pomlaw.com
mjsteven@pomlaw.com
jalieberman@pomlaw.com
taweinrib@pomlaw.com

***Attorneys for Plaintiff***