UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUTGERS CASUALTY INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 00462 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| JOHN P. CALAMOS, SR., Trustee of the Calamos Convertible and High Income Fund, NICK P. CALAMOS, former Trustee of the Calamos Convertible and High Income Fund, WESTON W. MARSH, Trustee of the Calamos Convertible and High Income Fund, JOE F. HANAUER, former Trustee of the Calamos Convertible and High Income Fund, JOHN E. NEAL, Trustee of the Calamos Convertible and High Income Fund, WILLIAM R. RYBAK, Trustee of the Calamos Convertible and High Income Fund, STEPHEN B. TIMBERS, Trustee of the Calamos Convertible and High Income Fund, DAVID D. TRIPPLE, Trustee of the Calamos Convertible and High Income Fund, CALAMOS ADVISORS, LLC, an investment advisor and Delaware limited liability company, CALAMOS ASSET MANAGEMENT, INC, a Delaware corporation and publicly held holding company, CALAMOS CONVERTIBLE AND HIGH INCOME FUND, and JOHN AND JANE DOES 1-100, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Rutgers Casualty Insurance Company filed this proposed class action suit in the Circuit Court of Cook County, alleging that Defendants (outlined in the

caption above) violated Illinois law. R. 1 ¶ 1.[1] Defendants removed the case to federal court, arguing that the Court has jurisdiction pursuant to SLUSA,[2] because the class has more than 50 members, is based on state law, and alleges fraud in connection with the sale or purchase of a covered security. R. 1 ¶¶ 4-6. Rutgers filed a motion to remand the case, R. 23, arguing that this case is not governed by SLUSA, R. 24 at 2. At the same time, Defendants have filed a motion to dismiss pursuant to SLUSA. R. 14. For the reasons below, the motion to remand is denied, and the motion to dismiss is granted.

## I.

Rutgers alleges that Calamos Fund, as managed by the individual trustees (named individually as defendants), improperly managed so-called auction rate preferred shares (ARPS) that the Fund held. R. 1-1 ¶ 2. According to the Complaint, the ARPS had several advantages that were good for the Fund, and thus, good for the shareholders of the Fund. *Id.* But "despite the many benefits provided by the ARPS, . . . during 2008 the [Fund] redeem[ed] the ARPS . . . ." *Id.* ¶ 3. Additionally, the Fund made public statements "that the holders of its common stock could realize, as one of the significant benefits of [their investment in the Fund], leverage that would continue indefinitely, since the ARPS were perpetual." *Id.* ¶ 14. Rutgers alleges that the Fund redeemed the ARPS, against the best interests of the Fund, because of relationships

---

[1] Citation to the record in the present case is "R." followed by the docket entry.

[2] The Securities Litigation Uniform Standards Act. As this order explains, the complaint is indeed governed by SLUSA, and so the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

between the Fund's trustees and investment banks, who wanted the ARPS redeemed. *Id.* ¶ 26.

Running parallel to the present case was a similar action brought by Chris Brown, an owner of the common stock of Calamos Convertible Opportunities and Income Fund; he sued that fund and its trustees. *Brown v. Calamos*, 10 C 06558 (N.D. Ill.). In that case, Brown made allegations nearly identical to those in the present case,[3] except that Brown complained of that fund's handling of auction market preferred shares (AMPS).[4] To support his claim, Brown's complaint relied on the same public statements made by that fund as made by the Fund here. Brown Comp. ¶ 13. The Brown complaint was dismissed pursuant to SLUSA, 10 C 06558, Entry 31. Brown appealed the dismissal, 10 C 06558, R. 33, and the dismissal was affirmed. *Brown v. Calamos*, 664 F.3d 123 (7th Cir. 2011).

Throughout this case, Defendants have routinely provided supplemental authority in support of their motion to dismiss. *See*, R. 37; R. 43; R. 48. In each of those instances, the Court has provided an opportunity for Rutgers to respond, R. 39; R. 45; R. 50, which it did to the first two pieces of supplemental authority. *See* R.40; R. 46. But Defendants' final piece of supplemental authority, the Seventh Circuit's decision

---

[3] The Complaint in Brown was actually filed first, *see* Brown Complaint, Docket Entry 1, Exh. A (Brown Compl.), and removed to federal court on Oct. 13, 2010; Rutgers's Complaint was removed on January 21, 2011, R. 1. The complaints are largely identical, using the same charts, language, and structure. *Compare* Brown Compl. ¶ 28 *with* R. 1-1 ¶ 27.

[4] It is not clear how ARPS differ from AMPS, or if the parties are simply using different labels for the same security. On at least one occasion, Defendants refer to the security using both labels. *See* R. 15 (referring to the securities as "ARPS" throughout, but then also referring to the securities as AMPS, *id.* at 10).

3

in *Brown*, went unanswered—likely because *Brown*'s holding clearly mandates dismissal, as explained below.

## II.

The Securities Litigation Uniform Standards Act of 1998 (SLUSA) prohibits securities class actions if the class has more than 50 members, the suit is not exclusively derivative, relief is sought on the basis of state law, and the class action suit is brought by "any private party alleging a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," 15 U.S.C. § 78bb(f)(1). *Brown*, 664 F.3d at 124. If such a suit is brought in state court, the defendant can remove it to federal court and move to dismiss it. *Id.* Because this case falls within the confines of SLUSA, it must be dismissed.

Rutgers's first two arguments against dismissal are that the complaint does not allege that the Fund made an untrue statement or omitted a material fact, R. 33 at 4, and that, even if an untrue statement or omission was alleged, it was not alleged "in connection with" the purchase or sale of a covered security, *id.* at 10-11. But *Brown* held that the allegation that "the Fund's public statements indicated that the holders of its common stock could realize, as one of the significant benefits of this investment, leverage that would continue indefinitely, because . . . the terms of the AMPS [the preferred stock at issue there] was perpetual" did comprise an allegation of a misleading omission in connection with the purchase or sale of a covered security. *Brown*, 664 F.3d at 127. The present complaint makes an *identical* allegation regarding

4

the ARPS form of stock, R. 1-1 ¶ 14. Thus, it too alleges a misleading omission in connection with the purchase or sale of a covered security.

The next question, as *Brown* points out, is whether the allegation is sufficient by itself to require dismissal, or are there some allegations of fraud that do not trigger dismissal, for example, an allegation that is not essential to the complaint. *See Brown*, 664 F.3d at 127. *Brown* explained that there are currently three different approaches to this question: the literalist approach (from the Sixth Circuit),[5] the "inessential" approach (from the Third Circuit),[6] and the "intermediate" approach (from the Ninth Circuit).[7] *Id.* at 127. Although *Brown* did not explicitly adopt a particular approach (it was not necessary to decide the appeal), the similarity between the complaint in *Brown* and the complaint here is enough to resolve this case.

To dismiss without further analysis would be applying the literalist approach, which mandates dismissal because the "complaint can be interpreted as 'alleging a misrepresentation or . . . omission of a material fact in connection with the purchase or sale of a covered security,'" regardless of how important—or unimportant—the allegation is to the complaint. *Id.* But the Court need not subscribe to the literalist approach to dismiss this case, because under the "looser approach" used in *Brown*,[8]

---

[5]*Atkinson v. Morgan Asset Management, Inc.*, 658 F.3d 549, 554-55 (6th Cir. 2011), and *Segal v. Fifth Third Bank, N.A.*, 581 F.3d 305, 311 (6th Cir. 2009).

[6] *Rowinski v. Salomon Smith Barney Inc.*, 398 F.3d 294, 300 (3d Cir. 2005).

[7]*Stoody-Broser v. Bank of America*, 442 Fed.App'x. 247, 248 (9th Cir. 2011).

[8]While *Brown* did not explicitly adopt one of the SLUSA approaches it outlined, it did reject the Ninth Circuit's approach of dismissing without prejudice, for fear that such an

"the suit is barred by SLUSA only if the allegations of the complaint make it likely that an issue of fraud will arise in the course of litigation – as in this case." *Id.* at 129-30. Recall that the complaint in *Brown* is, in all material ways, identical to the complaint at issue here; the only notable (but not material) difference between the Rutgers and Brown complaints are three paragraphs added to the Rutgers complaint regarding demand futility. R. 33 ¶¶ 42-44. Thus, *Brown's* holding that the fraud claim was likely to arise in that litigation applies with equal force here, and compels dismissal.

As with *Brown*, the only other claims that could be found in the complaint are claims for a breach of the duty of loyalty. There are two reasons why these claims are of no help to Rutgers. First, any breach of loyalty claim against Defendants is weak at best. *Brown,* 664 F.3d at 130-131 (holding that Calamos's governance structure does not undermine the duty of loyalty). Because any breach of loyalty claim has little chance of success, the fraud claim is likely to arise in the course of litigation as the only viable claim, and because the fraud claim is likely to arise, dismissal is required by SLUSA.

Even setting aside this insurmountable concern, Rutgers's breach-of-loyalty claim would be doomed because it is not a derivative claim.[9] "[H]ad the fund said nothing about the leverage advantages conferred by the absence of a maturity date for

---

approach "would increase the length and cost of litigation unreasonably." *Brown*, 664 F.3d at 127.

[9]"Plaintiff [Rutgers] brings this *class action* for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment, *on behalf of itself and all other individuals or entities who were beneficial owners* of common shares of [Calamos]. R. 1-1 ¶ 1.

the AMPS, this would be a straight-forward suit for a breach of the duty of loyalty . . . . Such a suit would not be barred by SLUSA, though it would have to be brought as a derivative suit." 664 F.3d at 129. But this complaint was not brought as a derivative claim; it does not seek damages on behalf of the corporation.

Rutgers relies on *Kennedy v. Venrock Associates,* 348 F.3d 584 (7th Cir. 2003), R. 33 at 12-13, but *Kennedy* stands for nothing more than the proposition that a derivative claim, styled as a direct claim, must be dismissed unless it is brought by the corporation. *Id.* at 586. *Kennedy* is of no help to Rutgers for two reasons. First, to the extent the complaint asserts what are called direct claims,[10] but what are really derivative claims, the proper approach is to dismiss the complaint and allow it to be refiled as a derivative complaint, as noted above. Second, even if the complaint were construed to assert a derivative claim, the complaint would not be exclusively derivative, and the Court would have to grant the motion to dismiss because, as noted above, there is a prominent and inextricable fraud allegation in the complaint.

One final note regarding the class allegations of the complaint. Federal Rule of Civil Procedure 23(c) requires the Court to address class certification "[a]t an early practicable time." Because neither party pursued the class issue, the Court did not address class certification before this merits resolution.

---

[10]The Complaint does not seek damages for the corporation, but for the shareholders. R. 1-1, § VIII (Prayer for Relief) at 22-23.

### III.

For the reasons outlined above, Rutgers's motion to remand, R. 23, is denied, and Defendants' motion to dismiss, R. 14, is granted. The case is dismissed with prejudice.

ENTERED:

_Edmond E. Chang_
Honorable Edmond E. Chang
United States District Judge

DATE: March 15, 2012